No. 02-586

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 60

IN THE MATTER OF M.R.G.,

    Youth in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADJ-98-156-Y
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Carl B. Jensen, Jr., Office of Public Defender, Great Falls
Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

        Brant Light, Cascade County Attorney; Gina Bishop, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  January 9, 2003

Decided:  March 27, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1	M.B. appeals from the findings of fact, conclusions of law and order entered by the Eighth Judicial District Court, Cascade County, terminating his parental rights to his son, M.R.G., and awarding permanent custody to the Department of Public Health and Human Services (the Department).  We affirm.

¶2	The issue on appeal is whether the District Court abused its discretion in terminating M.B.'s parental rights.

BACKGROUND

¶3	In July of 1998, the Department petitioned for temporary investigative authority (TIA) over M.R.G. based on allegations that he was, or was in danger of being, abused or neglected.  M.R.G. is an enrolled member of the Confederated Tribes of Siletz Indians of Oregon (the Tribe).  Consequently, the abuse and neglect proceeding involving M.R.G. is subject to both the Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901, *et seq.*, and Montana law.  Pursuant to the ICWA, the Department notified the Tribe of the proceeding. The Tribe then intervened to ensure that the proceeding conformed to the requirements of the ICWA.

¶4	The District Court granted the Department TIA.  The court subsequently adjudicated M.R.G. to be a youth in need of care and granted the Department temporary legal custody. In October of 2000, the Department petitioned to terminate the parental rights of both M.B. and M.R.G.'s mother.  At the hearing on the termination petition, the Department called Martina Heavy Runner (Heavy Runner), a Department family resource specialist, as a

2

witness. After Heavy Runner testified regarding her educational, professional and personal background, the Department requested the District Court to accept Heavy Runner as a qualified expert witness pursuant to the ICWA. M.B. objected on the basis that, although Heavy Runner had knowledge of Indian culture and customs in general, she had no specific knowledge about the Siletz Indians. The District Court overruled the objection and accepted Heavy Runner as a qualified expert witness.

¶5     Following the hearing, the District Court entered its findings of fact, conclusions of law and order terminating M.B.'s parental rights to M.R.G. and granting permanent legal custody to the Department. M.B. appeals.

## STANDARD OF REVIEW

¶6     We review a district court's decision to terminate a parent's parental rights to determine whether the court abused its discretion. In re T.C., 2001 MT 264, ¶ 13, 307 Mont. 244, ¶ 13, 37 P.3d 70, ¶ 13. In doing so, we review the court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. In re T.C., ¶ 13. Furthermore, determinations regarding an expert witness's qualifications and competency are within the discretion of the trial court and will not be overturned absent a showing of abuse of that discretion. In re K.H., 1999 MT 128, ¶ 11, 294 Mont. 466, ¶ 11, 981 P.2d 1190, ¶ 11.

## DISCUSSION

¶7     Did the District Court abuse its discretion in terminating M.B.'s parental rights?

¶8     Part of the express policy of the ICWA is to

protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families . . . .

25 U.S.C. § 1902. The ICWA implements this policy by setting forth a variety of requirements which must be met before placing an Indian child in foster care or terminating parental rights to an Indian child. The specific ICWA requirement at issue in this case provides that

> [n]o termination of parental rights may be ordered . . . in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f).

¶9 In conformity with the above requirement, the District Court included in its order terminating M.B.'s parental rights a finding of fact that "[t]aking into account the cultural norms of the [Tribe] and their community, the conduct of [M.B.] would likely cause serious emotional or physical damage to the child if the child was returned to him." Pointing out that Heavy Runner was the only witness offered by the Department--and accepted by the District Court--as a qualified ICWA expert witness, M.B. argues that the District Court abused its discretion in accepting Heavy Runner as a qualified ICWA expert witness because she did not possess sufficient credentials. M.B. asserts, therefore, that the District Court's finding of fact is clearly erroneous because it was not based on the testimony of a qualified expert witness as required by 25 U.S.C. § 1912(f). As a result, according to M.B., the

4

court's termination of his parental rights--based, in part, on this purportedly erroneous finding--was an abuse of discretion.

¶10 The ICWA does not define the term "qualified expert witness" or otherwise provide criteria for determining whether a witness is a qualified expert for ICWA purposes. However, the United States Department of the Interior, via the Bureau of Indian Affairs, has promulgated Guidelines for State Courts; Indian Child Custody Proceedings (the Guidelines) to assist in the interpretation and application of the ICWA. See 44 Fed. Reg. 67,584 to 67,595 (1979). While the Guidelines are not binding on state courts, we previously have determined them to be persuasive, and we apply them when interpreting the ICWA. See, e.g., In re K.H., ¶ 23; In re C.H., 2000 MT 64, ¶ 12, 299 Mont. 62, ¶ 12, 997 P.2d 776, ¶ 12.

¶11 With regard to the ICWA's qualified expert witness requirement, the Guidelines provide as follows:

D.4.  Qualified Expert Witnesses

(a) Removal of an Indian child from his or her family must be based on competent testimony from one or more experts qualified to speak specifically to the issue of whether continued custody by the parents or Indian custodians is likely to result in serious physical or emotional damage to the child.

(b) Persons with the following characteristics are most likely to meet the requirements for a qualified expert witness for purposes of Indian child custody proceedings:

> (i) A member of the Indian child's tribe who is recognized by the tribal community as knowledgeable in tribal customs as they pertain to family organization and childrearing practices.

> (ii) A lay expert witness having substantial experience in the delivery of child and family services to Indians, and extensive

knowledge of prevailing social and cultural standards and childrearing practices within the Indian child's tribe.

(iii) A professional person having substantial education and experience in the area of his or her specialty.

44 Fed. Reg. 67,593 (1979). The parties do not dispute that Heavy Runner has no knowledge or experience pertaining to the culture and customs of the Siletz Tribe in particular and, therefore, does not qualify as an expert under either subpart (b)(i) or (ii) set forth in the above Guideline. The Department asserts, however, that Heavy Runner qualified as an expert witness under the Guideline's subpart (b)(iii).

¶12     In determining whether a witness qualifies as an expert under subpart (b)(iii) of the above Guideline, we have stated that, in addition to possessing "substantial education and experience in the area of his or her specialty," it is preferable that the witness possess expertise in--and substantial knowledge of--Indian culture, family structure and childrearing practices. In re K.H., ¶¶ 26-28. This does not mean, however, that the witness must have knowledge of the cultural standards of a particular Indian tribe. In re K.H., ¶ 28. Moreover, while the trial court is encouraged to ensure that the witness possesses such Indian cultural knowledge and experience prior to accepting his or her testimony as a qualified ICWA expert, the determination of whether the witness is sufficiently qualified remains within the discretion of that court. In re K.H., ¶ 28.

¶13     In this case, Heavy Runner testified that she is a member of the Blackfeet Tribe, and was born and raised on the Blackfeet Reservation. She was taught the culture of her Tribe from tribal elders and has participated in most aspects of that culture all of her life. She

6

completed her high school education on the Blackfeet Reservation in Browning, Montana, then went on to college, where she received an undergraduate degree in elementary education and a masters degree in business administration.

¶14 Heavy Runner further testified that she worked as clerk of the Blackfeet tribal court, where she worked closely with Indian families while conducting home studies and writing reports relating to the adoption and foster care placement of Indian children on the Blackfeet and other reservations. She also worked for several years as a teacher in an Indian school in Minnesota, where she was exposed to the culture of other Indian tribes. She currently is employed as a family resource specialist with the Department and works mainly with teenagers in foster care, approximately half of whom are Indian. Heavy Runner also related her knowledge of Indian family structure and childrearing practices in general. She further stated that she has been trained and certified by the Department to be a qualified ICWA expert witness, and has testified in that capacity in approximately 10 other cases.

¶15 Based on the record before us, we conclude the Department established that Heavy Runner had personal and professional knowledge of Indian culture, family structure and childrearing practices sufficient to qualify her as an expert witness pursuant to the ICWA and, therefore, that the District Court did not abuse its discretion in accepting Heavy Runner as a qualified ICWA expert witness. Moreover, given Heavy Runner's specific testimony that placing M.R.G. in M.B.'s care likely would result in serious emotional or physical damage in light of M.B.'s continued chemical dependency and anger management issues, we conclude the District Court's finding of fact in that regard is not clearly erroneous.

¶16    We hold that the District Court did not abuse its discretion in terminating M.B.'s

parental rights.

¶17    Affirmed.


                                                    /S/ KARLA M. GRAY


We concur:



/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER